UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NNYANA MASOLOKO and KEFILWE LEKUNTWANE individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUR FAMILY HOME CARE LLC, JENNIFER ROSS, RACHEL FAITH LORENZEN and DELROY ROSS,<br><br>Defendants. | Civil Action No.: 3:22-cv-01658 (JBA)<br><br><br><br><br><br>August 4, 2023 |

### ORDER GRANTING FINAL APPROVAL TO A FLSA COLLECTIVE AND RULE 23 CLASS ACTION SETTLEMENT

Before the Court is the Plaintiffs' Unopposed Motion for Order Granting Final Approval to a FLSA Collective and Rule 23 Class Action Settlement and the pertinent materials filed with that motion. Defendants do not oppose Plaintiffs' motion. For good cause shown, and as more fully explained below, the motion is GRANTED, the agreement is APPROVED, and this Civil Action is DISMISSED WITH PREJUDICE.

1.  The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order entered on May 3, 2023, ECF No. 22, (the "FLSA Collective and Rule 23 Class Action Settlement Preliminary Approval Order"). A copy of the Agreement was attached to Plaintiffs' motion for preliminary approval as an exhibit (ECF No. 21-2), and it is incorporated in this Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Agreement.

2. On August 4, 2023, the Court conducted a Fairness Hearing to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

3. Final Certification of the Rule 23 Class and FLSA Collective. For the purposes of settlement, the Court finds that the proposed Rule 23 Class, as defined in the settlement agreement between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies the following proposed Rule 23 Class:

> All live-in Caregivers (also called Home Health Care Aides ("HHCAs")), Defendants employed in Connecticut during the period of June 15, 2020, until the date of final judgment in this matter who worked for Defendants.

The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Rule 23 Class Members, which is attached to the Agreement as Exhibit A.

For the purposes of settlement, the Court finds that the proposed FLSA Collective, as defined in the settlement agreement between the Parties (the "Agreement"), is similarly situated. Accordingly, the Court certifies the proposed FLSA Collective who have signed and filed with this Court their consent to join Form, a list of which is attached to the Agreement as Exhibit B.

4. Class Representative. For the purposes of settlement, the Court approves Named Plaintiffs, Nnyana Masoloko and Kefilwe Lekuntwane, as the Class Representatives.

5. Class Counsel. For the purposes of Settlement, the Court appoints Nitor V. Egbarin of the Law Offices of Nitor V. Egbarin, 100 Pearl Street, 14th Floor, Hartford, CT 06103, as Class Counsel for the Rule 23.

6. Approval of the Agreement. The Court approves the Settlement Agreement and finds that it is a reasonable compromise of the claims of the Rule 23 Class Members and the FLSA

Collective action. The Settlement Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Rule 23 Class and FLSA Collective members. It achieves a definite and certain result for the benefit of the Rule 23 Class and FLSA Collective members that is preferable to continuing litigation in which the Rule 23 Class and FLSA Collective members would necessarily confront substantial risk (including the risk of non-certification of a class and the risk of loss), uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it, those who have opted into the FLSA Collective, and on all members of the Rule 23 Class Members excepting only those individuals who excluded themselves from the Class in accordance with the terms of the Agreement.

7. Notice to the Class. The Court determines that notice was given as required by the Rule 23 Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided the Rule 23 Class Members with fair and adequate notice of the terms of the Agreement and the Fairness Hearing, and of their right to exclude themselves from the class or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8. The Court finds that the Agreement: (a) is fair to all parties; (b) reasonably resolves a *bona fide* disagreement between the parties with regard to the merits of the claims of the Named Plaintiffs, the FLSA Collective, and the Rule 23 Class members; and (c) demonstrates a good faith intention by the parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future. The Court therefore approves the Agreement, including its release of claims.

9. By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, Named

Plaintiffs and all Participating FLSA Collective and Rule 23 Class Members are hereby irrevocably and unconditionally deemed to have forever and fully released Defendants and all Released Parties from any and all Released Claims. The Named Plaintiffs and the Participating FLSA Collective and Rule 23 Class Members are forever barred from bringing or presenting any action or proceeding against Defendants or any of the Released Parties that involve or assert any of the Released Claims.

10. The Agreement shall be administered in accordance with its terms and the One Million One Hundred Thousand ($1,100,000.00) Total Settlement Amount will be distributed as set forth in the Section 4 of Agreement, titled Payment Obligations, as follows:

   a. The amount of $644,965 will be paid to the class, inclusive of costs to administer the settlement and service payments to the Named Plaintiffs.

   b. Named Plaintiff Lekuntwane will be paid $10,000.00 as a service award for her efforts on behalf of the class and $54,772 for separate claims that she made for interrupted sleep time.

   c. Named Plaintiff Masoloko will be paid $5,000.00 as a service award for her efforts on behalf of the class and $16,388.00 for separate claims that she made for interrupted sleep time.

   d. Unclaimed and/or unused amounts from the $644,965 will be refunded to the Defendants.

   e. The amount of $275,000 will be allocated to reasonable attorney fees.

   f. The amount of $23,875 will be allocated as litigation expenses. and,

   g. Settlement administration fees and expenses, as well as a reserve fund for any calculation errors, omissions, late claims, or disputes, in the total amount of

4

$70,000. Unclaimed and/or unused amounts from this fund will be refunded to the Defendants.

11.  Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12.  The Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendants or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

13.  This Civil Action is DISMISSED WITH PREJUDICE.

So ordered.

Janet Bond Arterton
UNITED STATES DISTRICT JUDGE

Case 3:22-cv-01658-JBA    Document 29    Filed 08/04/23    Page 6 of 6